IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WILLIAM SINGLETON, a man.<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CIVIL NO. 14-00447 DKW-BMK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED AUGUST 18, 2014** |

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS COMPLAINT FILED AUGUST 18, 2014

### INTRODUCTION

William Singleton brings federal and state claims against Bank of America, N.A. ("BANA"), based on BANA's "attempts to collect an alleged debt Defendant(s) claim is owed them. However, Plaintiff is without knowledge of the alleged debt Defendant(s) claim is owed." Complaint ¶ 5. The crux of Singleton's complaint is that BANA has no authority to collect payments on his mortgage where it was not the originating lender. Singleton's claims are unsupported by factual allegations sufficient to state plausible claims for relief. As a result, the Court

1

GRANTS BANA's motion to dismiss. Because Singleton is proceeding pro se, the Court also GRANTS leave to file an Amended Complaint by **December 30, 2014**.

## BACKGROUND

Singleton executed a promissory note ("Note") for a $328,000 home loan, secured by a mortgage on real property located at 15-1548 9th Avenue, Keaau, Hawaii 96749 ("Mortgage"), on October 4, 2005. Complaint Ex. C (Note & Mortgage). The Mortgage identifies Singleton and Dawn Eshelman Singleton as the borrowers, Countrywide Home Loans, Inc. ("Countrywide") as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee for Lender and Lender's successors and assigns." *Id.* The Mortgage expressly states that "MERS is the mortgagee under this Security Instrument." *Id.*

According to Singleton, on April 16, 2014, he received "a dunning notice" from BANA, which "makes numerous claims by Defendant(s) regarding an alleged loan." Complaint ¶ 6. Attached as Exhibit A to the complaint is the "dunning notice," which shows that the loan has been in default since at least late 2013, and includes amounts past due. It also states that BANA has made the first notice of filing required by law for foreclosure. Complaint Ex. A.

Singleton responded by sending BANA a "Notice of Dispute, Demand for Verification/Validation of Alleged Debt" on June 6, 2014. Complaint Ex. B. It

states that "you are not, [n]either have you been creditor of mine, or one that I have conducted any consumer transaction with. . . . Therefore I am respectfully demanding verification and or validation of any alleged debt pursuant to 15 U.S.C. § 1681." *Id.* BANA responded to Singleton's request after reviewing the loan file, in a July 2, 2014 letter, which provides in part:

> To the extent the [June 6, 2014] Letter can be construed as a request for verification of the debt made under 12 U.S.C. § 1692g, please be advised that the Loan is evidenced by an Adjustable Rate Note dated October 4, 2005, in the principal amount of $328,000.00, executed by the Borrower, in favor of Countrywide Home Loans, Inc., a copy of which is enclosed. The Loan is secured by a Mortgage dated the same date, a copy of which is also enclosed. Please refer to the enclosed documents for additional information.
>
> Enclosed is a Payment History that provides a detailed outline of transactions for the loan during Bank of America's servicing. Please note that this history provides pertinent information on payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds balance, and late charges assessed and paid. There are no codes or terms used in the Payment History that require specific definitions.
>
> Pursuant to 15 U.S.C. § 1641(f)(2), the current owner of the note is the Federal National Mortgage Association. . . . The current servicer of the Loan is Bank of America[.]

Complaint Ex. C.

According to Singleton, BANA's July 2, 2014 response was insufficient because "nowhere is seen a document with the name of Bank of America Home

3

Loans, Inc., Bank of America, N.A., nor Bank of America. There is nothing in the documentation that Bank of America Home Loans is included in their alleged validation of debt that in fact validates any debt owed by the plaintiff to the Defendant(s)." Complaint ¶ 8. Singleton alleges that BANA "is not a creditor, lender, nor mortgagee, neither did the Defendant(s) provide any credit, or services to Plaintiff." Complaint ¶ 11.

Singleton alleges four causes of action against BANA: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"); (2) invasion of privacy; (3) negligent, wanton and/or intentional hiring/supervision of incompetent employees or agents; and (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). He seeks declaratory relief and damages.

BANA contends that Singleton's claims must be dismissed because: (1) he cannot bring a private right of action under the FCRA, Section 1681s-2(a), and he alleges no facts demonstrating that BANA violated section 1681s-2(b); (2) there are no factual allegations that BANA publicly disclosed any private facts that would be highly offensive and objectionable to a reasonable person to maintain a claim for invasion of privacy; (3) Singleton's claim for negligent, wanton and/or intentional hiring and supervision of employees fails because he pleads no facts in support of this claim; and (4) the claim for violation of the FDCPA fails because BANA is not a

4

debt collector. Attached to BANA's motion is an Assignment of Mortgage, recorded on January 16, 2013 ("Assignment"), assigning Countrywide's interest in the Mortgage to BANA, with MERS acting as nominee.[1] Decl. of Counsel, Ex. A. Singleton did not file an opposition to the motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] Although the Assignment is not attached to the complaint, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) (When ruling on a motion to dismiss, a court may also consider documents central to the allegations in a complaint even if the documents are not attached to the complaint, so long as the authenticity of the documents is undisputed). The authenticity of the publicly recorded Assignment is not disputed and it is subject to judicial notice. *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (Courts "'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered on a Rule 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Because he is proceeding pro se, the Court liberally construes Singleton's filings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

curiam)). "Pro se litigants must [nonetheless] follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## DISCUSSION

### I. Validity of Assignment

To the extent Singleton's claims are grounded on BANA's standing to collect a debt or service his loan account, or which otherwise contest the validity of the debt or Assignment, he fails to state claims upon which relief can be granted. The documents attached to the complaint establish that BANA has been the servicer of the loan from the time of origination. Complaint Ex. C. When MERS assigned its interest to BANA on November 16, 2012, BANA also became the beneficiary of the loan. Decl. of Counsel, Ex. A (Assignment).

In light of the express disclosures in the Mortgage giving MERS the authority to act on behalf of Countrywide and the transfer of the Mortgage to BANA, Singleton has no basis to challenge the Assignment. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4 & *5 n.5 (D. Haw. Feb. 23, 2012) (explaining that a borrower cannot challenge an assignment to which he was not a party, and that plaintiff may not assert claims based on the argument that MERS lacked authority to assign its right to foreclose); *Lindsey v.. Meridias Cap., Inc.*, 2012 WL 488282, at *3 n.6 (D. Haw. Feb. 14, 2012) ("'[A]ny argument that MERS

7

lacked the authority to assign its right to foreclose and sell the property based on its status as 'nominee' cannot stand in light of [*Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011).]" (quoting *Velasco v. Sec. Nat'l Mortg. Co.*, 2011 WL 4899935, at *11 (D. Haw. Oct. 14, 2011)); *Teaupa v. U.S. Nat'l Bank N.A.*, 836 F. Supp. 2d 1083, 2011 WL 6749813, at *16 (D. Haw. Dec. 22, 2011) (dismissing without leave to amend claim asserting that MERS lacks standing to foreclose).

Here, Singleton presents no plausible allegations that BANA did not have the authority to service the loan or collect a debt. *See, e.g., White v. IndyMac Bank, FSB*, 2012 WL 966638, at *8 (D. Haw. Mar. 20, 2012) (rejecting a "show me the note" argument for an unfair and deceptive acts or practices claim); *Del Piano v. Mortg. Elec. Registration Sys, Inc.*, 2012 WL 621975, at *10 (D. Haw. Feb. 24, 2012) (rejecting a "show me the note" claim as "baseless"). The Court now turns to the specific causes of action enumerated in the complaint.

## II. Fair Credit Reporting Act (Count I)

Singleton alleges violations of several provisions of the FCRA. Section 1681s-2(a) of the FCRA provides that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. § 1681 s-2(a)(l)(A). No party, however, may bring a private action based on a violation of

Section 168ls-2(a). 15 U.S.C. § 1681s-2(d) (noting that duties created under § 1681s-2(a) are enforced exclusively by Federal agencies and officials and State officials); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

An individual has a private right of action only under 15 U.S.C. § 1681s-2(b). *See Nelson*, 282 F.3d at 1060. Section 168ls-2(b) provides that a creditor has a duty to investigate credit disputes after it has been notified by a credit reporting agency ("CRA") or credit bureau that the consumer disputes the accuracy of the credit information provided. Without factual allegations that Singleton notified a CRA of an alleged dispute, that the CRA notified BANA, and that BANA failed to investigate within the statutory time allotted, the complaint fails to state a claim for violation of § 1681s-2(b). *See, e.g., Amina v. WMC Mortg. Corp.*, 2011 WL 1869835, at *11 (D. Haw. May 16, 2011) ("[I]t is only after (1) a consumer has notified a [CRA] of an inaccuracy, (2) the [CRA] has notified the furnisher, and (3) the furnisher has failed to take action, that a consumer may sue the furnisher.") (quoting *Diana I Am v. Nat'l City Mortg. Co.*, 2010 WL 571936, at * 10 (D. Haw. Feb. 17, 2010)).

Singleton alleges that BANA "failed to maintain, and failed to follow maximum possible accuracy of Plaintiffs credit report, concerning the accounts in

9

question, violating 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant(s) failed to conduct a proper and lawful reinvestigation." Complaint ¶ 18. Singleton alleges no facts to show that he took necessary predicate acts sufficient to trigger BANA's obligation to investigate his credit reporting.

Accordingly, to the extent the complaint makes a claim under § 1681s-2(b), the claim is DISMISSED. Because it is unclear whether further amendment would be futile, this dismissal is with leave to amend.

## II.    **Invasion of Privacy (Count II)**

Count II alleges that Singleton "has no contractual relationship with Defendant(s) Bank of America, N.A., and Plaintiff has never applied for credit or services with the Defendant(s)," and that he has a "right to discovery, to determine where Defendant(s) obtained his personal, private information from," and that BANA "might also be guilty of identity theft under the state and federal law." Complaint ¶¶ 24-26. Singleton fails to state a claim for invasion of privacy.

The Restatement (Second) of Torts §§ 652A–E (1977), recognizes a tort of invasion of privacy, and categorizes the tort into four types: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) false

light.  *Mehau v. Reed*, 76 Hawai'i 101, 111, 869 P.2d 1320, 1330 (1994); *Chapman v. Journal Concepts, Inc.*, 528 F. Supp. 2d 1081, 1099 (D. Haw. 2007).

Here, Singleton's complaint is silent as to which prong of invasion of privacy applies to his claim, and, lacking guidance, BANA argues that a claim for public disclosure of private facts would fail.  The Court agrees.  To the extent he attempts to allege a claim for public disclosure of private facts, he fails to allege "(1) public disclosure of facts regarding plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure is highly offensive and objectionable to a reasonable person; and (4) the facts disclosed are not of legitimate concern to the public."  *Chapman*, 528 F. Supp. 2d at 1098.

Further, to the extent the claim is based on BANA's alleged status as a "stranger to the Plaintiff" (complaint ¶ 24), the facts are clearly to the contrary.  The documents attached to the complaint and the Assignment make clear that BANA was both the servicer and assigned an interest in the debt.  Therefore, it is not necessary for Singleton to "investigate through discovery where Defendant(s) obtained [his] social security number from, and what additional proprietary information was obtained by the Defendant(s) illegally and unlawfully, and how that information is being used."  Complaint ¶ 25.

Accordingly, Count II's claim for invasion of privacy is DISMISSED. Because it is unclear whether further amendment would be futile, this dismissal is with leave to amend.

## III. Negligent Hiring and/or Supervision (Count III)

Count III alleges that BANA "negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors . . . , whom were allowed or encouraged to violate the law as was done to the Plaintiff. [BANA] is therefore responsible and liable to the Plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiff." Complaint ¶ 29. Singleton appears to allege a *respondeat superior* claim against BANA for the torts committed by its agents or employees. *See id.* ("Defendant(s) knew and approve[d] of its incompetent employees and agents, attorney debt collectors, and debt collection against Plaintiff.").

Under the doctrine of *respondeat superior*, "an employer is held vicariously liable for the negligent acts of an [agent or] employee committed while the employee was acting within the scope of the employer's business." *Yamane v. Pohlson*, 111 Hawai'i 74, 78 n.7, 137 P.3d 980, 984 n.7 (2006); *see also State v. Hoshijo ex rel. White*, 102 Hawai'i 307, 318, 76 P.3d 550, 561 (2003) (stating that an entity is liable for an agent's or employee's actions acting within the scope of his authority). The

complaint includes absolutely no factual allegations explaining how the doctrine of *respondeat superior* would apply in this case—there are no allegations of negligence or other wrongs against BANA's employees or agents that state a claim upon which relief can be granted. Nor does Singleton allege facts plausibly indicating that BANA negligently hired, trained or supervised its employees or agents.

Accordingly, the *respondeat superior* claim for negligent and/or intentional hiring and/or supervision is DISMISSED. Because it is unclear whether further amendment would be futile, this dismissal is with leave to amend.

## IV. Fair Debt Collections Practices Act (Count IV)

Count IV alleges violations of the FDCPA, including that BANA was "attempting to collect a debt" and "failed to provide one scintilla of proof of [the] alleged debt. . . [and] continues to make attempts at collection of the alleged debt through erroneous credit reporting." Complaint ¶¶ 33-34. Singleton "denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine i[f] ever such a loan was funded to the Plaintiff." Complaint ¶ 40.

The FDCPA prohibits various collection practices by "debt collectors" in order to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e) (describing the purpose of the FDCPA). To be liable, a defendant must, as a threshold requirement, be a "debt collector" within the meaning of the FDCPA.

13

*Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).   The FDCPA defines "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.   Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.   For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.   The term does not include—
>
>> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>>
>> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>> . . . .
>> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt

> obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6).

BANA argues that it is not a "debt collector" under the statute. The Court notes that –

> original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as "debt collectors." *See, e.g., Lyons v. Bank of Am., NA*, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) ("The FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts."); *Radford v. Wells Fargo Bank*, 2011 WL 1833020, at *15 (D. Haw. May 13, 2011) (collecting cases stating that original lenders and mortgage servicing companies are not "debt collectors"); *Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *5 (D. Haw. Nov. 24, 2010) (dismissing FDCPA claim because the mortgage broker was not a "debt collector").

*Long v. Deutsche Bank Nat. Trust Co.*, Civil No. 10–00359 JMS/KSC, 2011 WL 5079586, at *14 (D. Haw. Oct. 24, 2011).

Here, however, it is unclear whether the debt was already in default when it was assigned on November 16, 2012. For example, the Payment History report attached to the complaint appears to show that Singleton stopped making regularl monthly payments on August 16, 2010. Complaint Ex. C. The delinquency notice sent to Singleton dated April 16, 2014 indicates no payments from at least October 1, 2013—the recent account history does not go back any further—notes that payment

15

remains in default, and that the loan is in the foreclosure process. Complaint Ex. A. If the debt was already in default at the time of the Assignment, BANA has not established that it is not a debt collector under the FDCPA as a matter of law. 15 U.S.C. § 1692a(6)(F); *see Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*") (emphasis added).

Accordingly, while the facts pled by Singleton are not sufficient to support an FDCPA claim, which is hereby DISMISSED, he is afforded leave to amend.

## V. <u>Amendment</u>

Singleton is GRANTED leave to file an Amended Complaint, consistent with the terms of this Order, by **December 30, 2014.** This Order limits Singleton to the filing of an Amended Complaint that attempts to cure the specific deficiencies identified in this Order. New or different theories or causes of action are not permitted.

## <u>CONCLUSION</u>

On the basis of the foregoing, the Court GRANTS Defendant's Motion to Dismiss. Singleton, however, is GRANTED leave to file an Amended Complaint

16

in conformity with this Order by **December 30, 2014**. Singleton is CAUTIONED that failure to file an Amended Complaint by **December 30, 2014** will result in the automatic dismissal of this action without further notice.

IT IS SO ORDERED.

DATED: November 25, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

William Singleton vs. Bank of America, N.A., Civil No. 14-00447 DKW-BMK;
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED AUGUST 18, 2014**